IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

CRAIG S. MARSH,

        Defendant.

4:21-CR-3012

TENTATIVE FINDINGS

The Court has received the revised presentence investigation report in this case. There are no objections to the presentence report. The defendant has moved for a downward departure and variance.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

 (c) impose upon the United States the burden of proof on all Guidelines enhancements;

 (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

 (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

 (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no objections that require resolution at sentencing. The defendant asks the Court to depart downward pursuant to U.S.S.G. § 5K2.23 to account for time spent in state custody on a related charge that was subsequently dismissed. Filing 105 at 3. Although the time the defendant spent in state pretrial detention was not technically a "term of imprisonment," because no sentence was ever imposed, the Eighth Circuit has held that the Court has the authority to depart downward pursuant to U.S.S.G. § 5G1.3(b) cmt. n.5 and § 5K2.23 when a defendant has spent time in state pretrial detention on a related state charge that was subsequently dismissed, and that it is reversible error to simply defer to the Bureau of Prisons whether to credit that as time served. *United States v. White*, 354 F.3d 841, 844-45 (8th Cir. 2004).

>The Court will resolve the defendant's request for departure at sentencing. The defendant also asks for a downward variance based on his personal circumstances and the circumstances of the offense. Filing 105 at 4-18. The Court will also resolve that request at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 21st day of December, 2021.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge